**CASE CLOSED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION **DATE**_____

BAHAA S. KALASHO,

       Plaintiff,

                                   Case No. 02-71854

v.

                                   HONORABLE DENISE PAGE HOOD

WILLIAM MARTIN, et. al.,

       Defendants.

_____/

## MEMORANDUM OPINION & ORDER ACCEPTING REPORT AND RECOMMENDATION

**I.      INTRODUCTION**

      Plaintiff Bahaa Kalasho brings this prisoner civil rights action pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges Defendants violated his federally secured constitutional rights by punishing him for filing lawsuits and grievances against prison officials, as well as alleging Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff seeks damages and injunctive relief.

      This matter is presently before the Court on Magistrate Judge Donald A. Scheer's Report and Recommendation, dated March 25, 2005.  In his report, Magistrate Judge Scheer recommends Defendants' Second Renewed Motion for Summary Judgment be granted.  Plaintiff filed Objections on April 13, 2005.  Defendants responded to Plaintiff's Objections on April 25, 2005.

      For the reasons set forth below, this Court adopts the Magistrate's Report and grants Defendants' Second Renewed Motion for Summary Judgment.

## II.   STATEMENT OF FACTS

From November 1997 to July 1998, Plaintiff filed in excess of twenty grievances about several different problems he was having while being housed at the Carson City Correctional Facility, the Macomb Correctional Facility, and the G. Robert Cotton Correctional Facility. These issues ranged from tampering with Plaintiff's mail, refusal to copy legal documents, and denial of access to library services, to harassment, retaliation and entrapment. The crux of Plaintiff's claim against Defendants in this matter is threefold. First, Plaintiff claims he was retaliated against in three respects: (1) Plaintiff asserts he was transferred from facility to facility and subjected to administrative segregation because of filing numerous grievances; (2) Plaintiff claims he was entrapped by being forced to engage in a smuggling operation involving unauthorized computer equipment and drugs; and (3) Plaintiff maintains he was wrongfully categorized as an escape risk and was frequently segregated from the general prison population and otherwise treated differently than similarly situated inmates.

Second, Plaintiff maintains he was denied access to the courts by being denied word processing and research resources in order to formulate any pleadings to be filed with the Court. Finally, Plaintiff states he was intentionally subjected to environmental tobacco smoke which exacerbated his health problems, which include asthma, a deviated septum and other breathing problems.

## III.   STANDARD OF REVIEW

### A.   Reports and Recommendations

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination

2

of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

In order to have preserved his right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within ten days of service of a copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections may constitute a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

### B.    Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

3

case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

## IV.   APPLICABLE LAW & ANALYSIS

### A.   Timeliness of Plaintiff's Objections

Plaintiff filed his Objections on April 13, 2005. The Magistrate's Report and Recommendation was filed on March 25, 2005. On that same date, a Proof of Service was filed by Magistrate Judge Scheer's office, indicating the Report and Recommendation was served by mail. Local Rule 72.1(d)(2) provides that "[a] party must serve the magistrate judge and all parties with objections permitted by Fed. R. Civ. P. 72." Federal Rule of Civil Procedure 72 states in pertinent part that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).

Federal Rule of Civil Procedure 6(a) governs the computation of time periods under the Rules. "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays,

4

Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a). Rule 6(e) further provides for an additional time allowance of three days when service is by mail.

Applying the foregoing rules, Plaintiff had until April 11, 2005 to file his objections. He did not file until April 13, 2005. Plaintiff's objections are therefore untimely.

**B.     Report and Recommendation**

The Court agrees with the Magistrate's assessment of Plaintiff's claims. The Magistrate found Defendants Martin, Stegall, and Hofbauer have not been shown to be either personally or directly involved in the actions Plaintiff alleges took place. (Rep. and Rec. at 6.) On this basis, the Magistrate recommended these Defendants be dismissed. The Court agrees with this assessment, and dismisses Defendants Martin, Stegall, and Hofbauer.

The Magistrate further recommended Plaintiff's retaliation claims against the remaining Defendants be dismissed because Plaintiff has failed to allege sufficient facts to establish a causal connection between Defendants' actions and Plaintiff's exercise of a protected right. (Id. at 8.) The Court finds the Magistrate's conclusion sound for the reasons stated in the Report and Recommendation. The Court dismisses Plaintiff's retaliation claims against all of the remaining Defendants.

Finally, the Magistrate Judge addresses Plaintiff's Eighth Amendment claim regarding his exposure to second-hand tobacco smoke. The Magistrate recommended this claim be dismissed because "Plaintiff still has not established that these prison officials were deliberately indifferent to a serious medical need." (Id. at 18.) The Court finds the Magistrate Judge's analysis proper, and dismisses Plaintiff's Eight Amendment claim.

**C.     Plaintiff's Objections**

Notwithstanding the untimeliness of Plaintiff's objections, consideration of his objections does not alter the result reached by the Magistrate and accepted by this Court. Plaintiff's first objection centers on the Magistrate's alleged misapplication of the summary judgment standard. Plaintiff asserts the Magistrate "believed the evidence of the Defendants and [has] drawn all inferences in their favor." (Pl.'s Obj. at 3.) Despite this assertion, it is clear to the Court that the Magistrate reached his conclusions because of the decided lack of evidence presented by Plaintiff. The summary judgment standard indeed requires all justifiable inferences to be drawn in the non-moving party's favor. *Anderson*, 477 U.S. at 255. In order to survive summary judgment however, Plaintiff must still put forth "evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu*, 828 F. Supp. at 497. Plaintiff has not met this threshold, and cannot withstand summary judgment on his claims. His first objection is accordingly denied.

Plaintiff's second objection maintains summary judgment is inappropriate because Defendants have allegedly failed to comply with discovery orders. (Pl.'s Obj. at 4.) Defendants filed a Memorandum of Compliance with the Court's most recent discovery order on January 19, 2005. Plaintiff filed objections on February 2, 2005, claiming Defendants had not yet fully complied with the discovery order. The Magistrate did not consider the sufficiency of Defendants' compliance in his Report and Recommendation.

As Plaintiff points out, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). In addition, "the judge does, however, have discretion to postpone ruling on a defendant's summary judgment motion if the plaintiff needs additional discovery to explore 'facts essential to justify the party's opposition." *Id.* at 599 n.20 (citing Fed. R. Civ. P. 56(f)). This Court and the

Magistrate Judge have repeatedly issued discovery orders in this matter. On October 11, 2002, Plaintiff filed a Motion for Leave for Limited Discovery of Documents from Defendants. This Motion was granted by the Magistrate, objected to by Defendants, and affirmed by this Court on September 30, 2003. Defendants assert they have fully complied with this discovery request. On October 16, 2003, a year after Plaintiff's initial discovery request was filed, Plaintiff filed a one-page Motion to Compel Discovery. Plaintiff sought to "enforce the Courts [sic] order of September 30, 2003, where the Court granted the Plaintiff's Motion for Limited Discovery in the aforemention [sic] matter." (Pl.'s Mot. to Compel Disc. at 1.)

Plaintiff then filed a Renewed/Revised Motion for Leave for Limited Discovery of Documents from Defendants on November 20, 2003. It is this discovery request which Plaintiff claims Defendants have not fully answered. However, this Court expressly denied Plaintiff's Renewed discovery Motion in its September 30, 2004 Motion. The Court finds Defendants' compliance with the original discovery request to be sufficient. The Court in its discretion finds additional discovery is unnecessary in this case. Plaintiff has had ample time to make a showing of a genuine issue of material fact, and has simply been unable to do so. On this basis, Plaintiff's second objection must also be denied.

V.    **CONCLUSION**

For the reasons stated above, the Court accepts and adopts the Magistrate's Report and Recommendation, and grants Defendants' Motion for Summary Judgment.

Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation **[Docket No. 93]**, dated March 25, 2005, is ACCEPTED and ADOPTED by this Court as its findings and conclusions

7

of law.

IT IS FURTHER ORDERED that Defendants' Second Renewed Motion for Summary Judgment **[Docket No. 92, filed February 4, 2005]** is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion for Reconsideration of Court's September 30, 2004 Order Affirming Magistrate's April 7, 2004 Order **[Docket No. 85, filed January 14, 2005]** is DENIED as MOOT.

IT IS FURTHER ORDERED that Defendants' Renewed Motion for Summary Judgment **[Docket No. 57, filed October 17, 2003]** is DENIED.

IT IS FURTHER ORDERED that this matter is DISMISSED with prejudice.

DENISE PAGE HOOD
United States District Judge

DATED:_____MAY 2 4 2005_____

8