UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BAHAA KALASHO,**

       **Plaintiff,**

                                        Case No. 02-71854

v.

                                        HONORABLE DENISE PAGE HOOD

**WILLIAM MARTIN, et al.,**

       **Defendants.**

_____/

**MEMORANDUM OPINION & ORDER ACCEPTING
REPORT AND RECOMMENDATION**

**I.      INTRODUCTION**

      This matter is before the Court on Magistrate Judge Donald A. Scheer's Report and Recommendation dated July 12, 2005. The Magistrate Judge recommended this Court grant the Motion to Tax Costs filed by Defendants Martin, Jones, Stegall, Straub, Hofbauer, Meyers, Hutchins, Moore, Smoyer, Putnam, Aalto, Evans, Towers, and Feldpausch. Neither Party has filed Objections to Magistrate Judge Scheer's Report and Recommendation.

**II.     STANDARD OF REVIEW**

      The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636 (b)(1)(C).

      In order to have preserved his right to appeal the Magistrate Judge's recommendation, the Parties were obligated to file objections to the Report and Recommendation within ten days of service of a copy, as provided for in 28 U.S.C. § 636 (b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections may constitute a waiver of any further right of appeal. *Thomas v. Arn*, 474

U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

### III. APPLICABLE LAW & ANALYSIS

Rule 54 of the Federal Rules of Civil Procedure allows the prevailing party in a civil matter to recover costs other than attorney fees as a matter of course, "unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). The rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial judge." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Certain factors that may justify a court in overcoming this presumption are (1) the losing party's good faith, (2) the difficulty of the case, (3) the winning party's behavior, (4) necessity of the costs, and (5) indigency of the losing party. *Id.* However, indigency of the losing party will not automatically preclude taxation of costs. *Id.*

As the Magistrate Judge notes however, the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104–134, §§ 7801–10, 110 Stat. 1321 (1996), now requires that prisoners having judgments entered against them must pay the costs either in full or in accordance with the payment process set forth in § 1915(b)(2) without consideration of the prisoner's ability to pay. *See In re Prison Litigation Reform Act*, No. 97-01, 15 (6th Cir., Feb. 4, 1997).

Defendants seek $20 in docket fees and $202.80 in copying fees, for a total amount of $222.80. 28 U.S.C. § 1923(a) authorizes an award of docket fees, while 28 U.S.C. § 1920(4) allows for copying fees. The Magistrate Judge found Defendants' request reasonable and recommended granting Defendants' Motion. The Court agrees with the Magistrate Judge's determination, for the reasons stated in his Report and Recommendation.

Accordingly,

IT IS ORDERED that Magistrate Judge Donald A. Scheer's Report and Recommendation **[Docket No. 106, filed July 12, 2005]** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendants' Motion to Tax Costs **[Docket Nos. 101, 102, filed June 7, 2005]** is GRANTED.

        /s/ Denise Page Hood  
DENISE PAGE HOOD  
UNITED STATES DISTRICT JUDGE

DATED:  August 23, 2005